Good morning. My name is Tiffany Hurst and I'm here on behalf of the appellant, Mr. Blake. Despite that, the state of Nevada provides a forum for capital petitioners to litigate the ineffective assistance of initial post-conviction counsel. Judge Jones denied Mr. Blake's motion for a rind stay and abeyance for the purpose of exhausting his unexhaustic claims contained in his mixed habeas petition on the basis that the ineffective assistance of post-conviction counsel can never establish good cause for a rind stay. The basis of Judge Jones's per se ruling was his reliance on a line of cases interpreting the good cause standard for overcoming a procedural default, specifically Coleman v. Thompson and Martinez v. Schreiro. That standard, that good cause standard, is one of the highest good cause standards that a habeas petitioner could be called upon to meet. To the contrary, the high court in Pace indicated that the good cause standard for excusing a failure to exhaust is a lower standard. In fact, that standard can be met if one has mere confusion that a State petition or a petition filed in State court will be deemed timely filed by the State courts. And this Court as well, in Jackson v. Rowe, has indicated that it's a, that the good cause standard to satisfy rinds is a lower standard than that as set forth in Coleman v. Thompson and Pace. I've not researched this as much as I would like to have done at this point with respect to out-of-circuit law. I've read the circuit law, which is kind of sparse, frankly. What of the other, if you know, what standard, standards or standard have the other circuits articulated as to how cause is supposed to operate in a rind stand-abansed motion? It's my understanding, Your Honor, that the majority of the other circuits have not indicated that the ineffective assistance of post-conviction counsel can never establish good cause for a rind stay. So my research, of course, centered around that per se ruling. And one of the things I'm trying to figure out is, okay, if the district judge got it wrong when he said the Coleman standard is basically the standard and ineffective assistance of counsel can never constitute cause under rinds. Okay. If I disagree with that, what is the standard? That is to say, what does rinds mean when rinds says, well, in order to get stay in advance, and Justice O'Connor's opinion kind of brackets it. She says you need cause, and you don't get it even if you have cause, but the underlying claim is plainly unmeritorious. And then she writes for the court, but it would likely be an abuse of discretion if there was cause, and the underlying claim was potentially meritorious. So I'm trying to figure out, okay, what does cause mean here, and have you satisfied it? Your Honor, I would agree that there is a lack of clarity in terms of exactly what cause is required in connection with the rind stay. But I would argue that despite the lack of clarity of what expressly constitutes good cause, it's definitely not the standard necessary to excuse a procedural default, and that was what Judge Jones relied upon to deny our motion. So he definitely used the wrong standard. I got that. I'm trying to figure out. And it may be sufficient to win your case right now. You can say under any conceivable standard, I win. But do you have a suggestion as to what the actual standard ought to be? Well, I actually think that although it was not the primary focus of the holding in Pace, I think that there is merit to the concept that where there's an open forum to litigate a claim in the state courts, that should be a standard of good cause that would satisfy the rind stay. So, for instance, in the instant case, there is a forum to litigate the ineffective assistance of counsel in the Nevada courts. The problem with that forum is simply that if the Nevada courts eventually decide that the underlying claims don't have merit, well, then instead of denying the petition as not being meritorious, they will characterize the petition as being So it's my position that where there's a forum to litigate these, the claims that are in front of the district court, then that can establish good cause for a rind stay. You mean that factor alone? Well, no. I just think that's one of the factors. And it's the factor that's definitely present in this case. Well, let me ask Judge Fletcher's question just a little bit differently. I assume your position is that the Petitioner here showed good cause. Absolutely. For a rind stay in the Bay now. Yes. Tell me why. What did he show that amounts to good cause? Well, he demonstrated that he was not dilatory. He demonstrated that the underlying claims are potentially meritorious. I would suggest that they're more than potentially meritorious. I would suggest that they're substantial. We actually spent a lot of time in our briefing talking about those underlying claims because we do believe that they are substantial. And in terms of good cause, post-conviction counsel admitted that she did not conduct an extra record investigation. And I would suggest that that where post-conviction, where there's a forum that indicates that a Petitioner is entitled to the effective assistance of post-conviction counsel, and post-conviction counsel essentially submits an affidavit indicating that she failed to do one of the major components required of post-conviction counsel, that that should be deemed good cause for the purposes of the case. Wait a minute. You said where there is a forum. What's the forum here? The forum is provided in the Nevada courts. Crump v. Worden was issued indicating that capital Petitioners have the right to the effective assistance of post-conviction counsel. And this is not a capital case? It is, Your Honor. It is? Yes. So under Nevada law, a capital defendant is entitled to effective post-conviction counsel? Initial post-conviction counsel. That's correct, Your Honor. All right. And so you're saying the good cause here amounts to the showing, I guess, that post-conviction counsel here was not effective? That's correct, Your Honor. And that's sufficient to get you past the Rhines gateway? Yes, Your Honor. In the State of Nevada where capital Petitioners are provided with that forum, that should be good, that should satisfy the standard of good cause under Rhines. And I would suggest that given the high court's reversal of Martinez v. Schreiro with Martinez v. Ryan, where they now have indicated that the ineffective assistance of good cause can — I'm sorry, the ineffective assistance of post-conviction counsel can even now meet the good cause standard to overcome a procedural default, that we have not only — we not only have the ability to meet the lower good cause standard in Rhines, but we also have the ability and have demonstrated on the record that we meet the higher good cause standard as set forth in Martinez v. Ryan. Now, you argue, counsel, that the district court essentially applied the wrong standard in determining good cause. Essentially, it was too stringent. But the Rhines v. Weber stay has three different components. There has to be an evaluation of whether the unexhausted claims are potentially meritorious and whether the petitioner delayed and somehow the delay was attributable to him. Has there been sufficient development of the record so that we can reach those two issues? Assuming we agree with you as to the first issue, that the district court said an IAC claim of post-conviction relief counsel can never constitute good cause, and we say, well, that's not correct. That's a little too stringent. What about the other factors that would entitle him to a Rhines v. Weber stay? I believe that those other two factors have been sufficiently developed in the record for this Court to make into a ruling indicating that a Rhines stay was warranted. Specifically, we go into vast detail regarding the meritorious nature of the underlying claims that we're seeking to exhaust, and in this case, essentially, there was almost no mitigation that was presented. And the mitigation that wasn't presented is substantial. The argument at trial was simply that Mr. Blake was a good guy who's loved by his family, so you shouldn't put him to death. The mitigation that was uncovered by us and not uncovered by trial counsel or initial post-conviction counsel displayed an absolutely horrendous upbringing amongst marred family members, substantially marred family members that, without going into express detail, is extremely problematic and should have been given, presented to the jury. So despite the fact that the district court never quite reached those factors, you're saying that the record is sufficiently developed, it's been fully briefed and argued, and there's nothing additional to submit on both sides such that you're asking this Court, assuming we agree with you on Factor No. 1, remand for the Court to consider the remaining factors to determine whether a State unit bay is warranted? I believe so, Your Honor. Okay. Why don't we hear from the State, and you've got some time. Thank you. Good morning, Your Honors. Heather Proctor with the Nevada Attorney General's Office, and I have the honor of representing the Respondents in this matter. The Court's order denying the motion for stay in this action was not an abuse of discretion. The Court applied the correct standard of law in this case. It applied Wooten and it applied Rines in denying the motion for stay. Rines specifically held that stays must be presented only in limited circumstances pursuant to EPA basis of reducing delays in executing criminal sentences, particularly in capital cases, and streamlining Federal habeas proceedings by increasing petitioner's incentive to exhaust. That's general language, but let's apply the look at the Rines test. It says there has to be cause. Absolutely. And it says with respect to how meritorious the underlying claim has to be, if it's plainly unmeritorious, you don't get a stay in abeyance. If it's potentially meritorious, it's likely an abuse of discretion to deny stay in abeyance, and you've got to show diligence. Correct, Your Honor. Okay. So how do those factors go here? And more specifically, what does cause mean? Because it looks to me as though there has been diligence. It looks to me as though the underlying claim is at least potentially meritorious. So my sticking point is going to be, so what does cause mean? And in this case, Your Honor, I believe cause is higher than the Ninth Circuit has found that cause is lower than extraordinary circumstances pursuant to Pace. However, if you look at Pace, Pace is not a case that lowers the standard for good cause. Pace holds that reasonable confusion by the petitioner could lead to a Rines stay. However, the ultimate But what we're after here, what's going on here is clearly not just confusion. What's going on here is, to state it sort of mildly, blatant ineffective assistance of counsel by both trial counsel and post-conviction counsel. I mean, you've got all this evidence that clearly should have been uncovered and clearly should have been given to the jury. I mean, some cases I see are clear. To me, this one's pretty clear. Your Honor, in the motion for stay, the problem is that the petitioner failed to present a basis for their ineffective assistance of post-conviction counsel. You know, there's a really long excerpt, a really extraordinarily long excerpt in the reply brief of what purports to be something that was presented to the district court in support of the Rines stay. Was that, in fact, presented to the district court in support of the Rines stay? Yes, it was. Okay. And that's what you're just saying is insufficient? Yes. Okay. And the reason is the excerpt goes a great deal into why underlying counsel, the trial counsel was ineffective. But as to whether or not post-conviction counsel was ineffective, all they said was counsel failed to raise these claims, present these claims. They don't go into, as they did in the motion for reconsideration, all of which could have been presented in the motion for stay, counsel failed to investigate these particular instances. Well, wait a minute because I'm looking at the motion to stay, and it's page 11. The excerpt references 1278. Everything that was in the amended petition is incorporated. So when the district court took a look at the motion to stay, didn't he have before him all of the allegations in the petition as well as the amended petition as to the various ways in which trial counsel and post-conviction counsel were purportedly ineffective? Yes, they did. The problem with that is they incorporated approximately 134 pages of the amended petition, and they still did not go into what specifically, why was trial post-conviction counsel ineffective. They went into those cases, those claims are why was trial counsel ineffective. And their argument was counsel failed to raise these meritorious claims. They don't go into what counsel did do, what counsel did not do. They simply say this is what he didn't do. If you look at the Strickland standards, Strickland looks at what counsel did, not what they did not do. Oh, no, that's wrong. Strickland looks at what counsel did in the process of representing, including what they didn't do. It's an absolutely standard Strickland claim to say you failed to uncover the following evidence. You did not do that. That's Strickland. But you also cannot introduce hindsight into Strickland. You have to look at what counsel's, what was in front of counsel at the time. No, you look at what counsel failed to do and should reasonably have done. That is to say, you know, we see these cases all the time, particularly we see them in capital cases where the trial counsel did not do an investigation as to character, as to brain damage, as to childhood and so on, didn't send it in. That's just black letter IAC. And I agree with that, Your Honor. The problem with this case is the arguments that were presented in the motion for State didn't go into that trial counsel, or that post-conviction counsel didn't investigate this, did not investigate that. They simply threw out the American Convention of Marine Corps Claims. But it would have been IAC for post-conviction counsel not to investigate and not to do it. But it also would have been IAC, maybe even worse IAC, had the post-conviction counsel known it, discovered it, and not presented it. Either way, it's IAC. Well, the problem is the Petitioner cites the declaration of post-conviction counsel that stated, you know, I should have done this, I should have done that. That declaration was not dated until after the district court denied the motion for stay. And that they ---- But when the motion for a rind stay is made, it's stated very clearly, and I don't think you've contradicted it, that the post-conviction counsel did not present this evidence. Correct? Correct. And either the post-conviction counsel didn't investigate it and didn't know it, and therefore didn't present it, or did investigate it and did know it and didn't present it. Either one of those strikes me as IAC. The problem is that they did not argue it that way. They said, these are our claims, but they didn't address what counsel did not do. And that's the problem. They didn't articulate it. What did counsel not do? Did they not ---- Let me ask you this in a different way. Assume that in making the rinds motion, that the argument is made in the course of the rinds motion that post-conviction counsel should have done this, didn't do this, and so on, with a great amount of detail. Assuming now that this is properly presented in your view, would that be caused? In terms of whether or not Martinez ---- Caused under rinds. I don't believe Martinez should apply under rinds, but ---- I'm asking whether it's caused under rinds. We might get to Martinez in a minute. But let me make sure I can say the question clearly, because I don't want to tangle my words here. I'd like you to assume that post-conviction, that the lawyers now in federal district court, in making the rinds motion, sufficiently alert the district judge to the nature of their claim that there was IAC by post-conviction counsel, being as articulate as you think they need to be. I understand you think they weren't sufficiently articulate, but at least they may be perfectly articulate. They lay out everything that that post-conviction counsel could have done, should have done, but didn't do. So we've now presented it properly. Is that cause under rinds? Yes. Okay. Now, in considering this case, the court should only consider what was presented in the motion for state and not in the motion for reconsideration. In the motion for reconsideration, they did present numerous new exhibits. However, they failed to demonstrate under Rule 60b-2 that those exhibits were newly discovered evidence and could not have been discovered previously through due diligence. So the court should not consider any of that new evidence. The court should also not consider any of the new arguments that were presented for the first time in the motion for reconsideration, because all of those could have very easily been presented in the original motion for stay. Now, I understand your argument is that there was not cause, and I'm not asking you to concede. But I want to ask you, as the second and third requirements under rinds, is there a potentially meritorious ineffective assistance of counsel claim that lies at the bottom of this, a sense of failure to uncover and to introduce evidence of the childhood and so on? Yes. And the second, then the third, or the second of the two unanswered questions, was there sufficient diligence? Yes. Okay. So you concede that. So the fight was really over cause. Correct, Your Honor. As far as Martinez, I do not believe this Court even gets to the question of the Martinez. The Martinez issue was not presented until the Rule 60b motion following the final judgment. And following both Feltz and Gonzalez, the Court's determination was not an abuse of discretion, because the final decision in this case was not based on rinds. It was based on Rose v. Lundy and being faced with a mixed petition. And therefore, the case Martinez did not introduce, address an open legal question, and that open legal question was not subsequently rejected and replaced by more authoritative opinion. As a result, the Court's opinion on the motion for the Rule 60b motion based on Martinez was properly denied by the district court. That was not an abuse of discretion. And in my opinion, it is our argument that the denial of the original motion for Stay also was not an abuse of discretion based on the existing law at the time, Wooten and rinds, and that remains the prevalent law in this case. Thank you, Your Honor. Roberts.  Roberts.    Roberts. Roberts. Roberts. Roberts. Roberts. Roberts. Thank you. Response. Just to very quickly revisit a prior question regarding what the standard for good cause should be, I would like to reiterate and clarify that I suggest the standard for good cause should be that where the State provides a vehicle for exhaustion, for a petitioner, then that petitioner has established good cause to return to State court and exhaust through that vehicle. I repeatedly use the word forum, but really it's the vehicle being provided in this case, and that vehicle is the ineffective assistance of post-conviction counsel, which we have demonstrated is a substantial claim in this matter. In terms of the question that is before this Court, it was certified by Chief Judge Jones, and so I would suggest that the concept of changing the question for review is problematic. The issue that was certified for review is whether Judge Jones's per se ruling that the ineffective assistance of post-conviction counsel can never constitute good cause was an abuse of discretion. I would suggest that it was. And I also reiterate that I believe the record is substantial and well-developed enough that this Court could remand with an order that a grind stay be granted, and I would ask that this Court consider doing so. Thank you very much. Thank both sides for your arguments. That's the last case in our argument calendar this morning, so I'll make sure I get it right. Blake v. Baker now submitted for decision. That's the end of the calendar for this morning.
judges: Tashima, Fletcher, Nguyen